IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED

AUG 2 0 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal No. 20-30115-NJR |
| | ) | |
| MICHAEL HENDERSON, | ) | Title 18, United States Code, Sections |
| KYETIA HINES, | ) | 1028A(a)(1) and 1349 |
| ANTOINETTE Z. DAVIS, and | ) | |
| JASMINE DAVISON, | ) | |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
### Conspiracy to Commit Wire Fraud – 18 U.S.C. § 1349

1.  From on or about October 29, 2015, and continuing until on or about May 14, 2018, in St.

Clair and Madison Counties, within the Southern District of Illinois, and elsewhere, Defendants

MICHAEL HENDERSON,
KYETIA HINES,
ANTOINETTE Z. DAVIS, and
JASMINE DAVISON,

knowingly conspired and agreed with Tamecia Buckley, each other, and others both known and

unknown to the grand jury to commit an offense against the United States, namely to devise and

participate in a scheme and artifice to defraud and to obtain money and property by means of false

and fraudulent pretenses, representations and promises, and for the purpose of executing the

scheme, and attempting so to do, caused writings and signals to be transmitted in interstate

commerce by means of wire communications, in violation of Title 18, United States Code, Section

1343.

2.   The object of this conspiracy was for Defendants HINES, HENDERSON, DAVIS, DAVISON, Buckley, and others to defraud Sprint by setting up new accounts for cellular service using the names and social security numbers of real persons (hereinafter the victim(s)) to acquire cellular telephones without paying for them and reselling them to other cellular retail stores for cash.

3.   The essence of the conspiracy and scheme to defraud was as follows:  Buckley knowingly set up accounts using her cellular telephone to call Sprint customer service or login through its website.  Buckley identified herself as the victim in whose name she intended to open an account and provided the victim's social security number to enable Sprint to run a credit check.  If Sprint required additional verification of an account before opening it, rather than going into a store and providing two forms of identification, Buckley contacted Defendant HENDERSON, a former Sprint employee who worked at a Sprint retail store in Belleville, Illinois, to request codes only employees received from Sprint during customer verification.  Defendant HENDERSON provided the codes to Buckley, who called Sprint customer service back, posed as a Sprint employee, and provided the codes Defendant HENDERSON gave to verify the account in question.

4.   Once an account was approved, Buckley entered a retail store, provided the victim's name and Sprint account number, opened new lines of service, and purchased by lease agreement new cellular telephones.  Buckley purchased up to four new cellular telephones at a time.

5.   At other times, during the conspiracy, Buckley also designated herself, Defendants HINES, DAVIS, and DAVISON as delegates on some accounts.  As delegates, Buckley, Defendants HINES, DAVIS, and DAVISON entered a Sprint retail store, provided the name and account number of the new account, opened new lines of service, and purchased new cellular telephones. Buckley, Defendants HINES, DAVIS, and DAVISON purchased under a lease agreement up to

four new cellular telephones at a time.  Buckley, Defendants HINES, DAVIS, and DAVISON used the delegation option as a way to legitimize the transactions and to conform with Sprint's policy that any person purchasing a telephone must present identification.  Buckley, Defendants HINES, DAVIS, and DAVISON presented their identification cards if requested.

6.   Buckley, Defendants HINES, DAVIS, and DAVISON paid mandatory activation fees and taxes in cash to avoid detection and identification.

7.   On many occasions, Buckley arranged through the use of text messages from her cellular telephone for Defendants HINES, DAVIS, and DAVISON to enter Sprint retail stores on her behalf.

8.   Buckley recruited Defendants DAVIS and DAVISON to participate in the scheme.

9.   In exchange for entering Sprint's retail stores, picking up cellular telephones, and returning them to Buckley, she paid Defendants HINES, DAVIS, and DAVISON per transaction or provided them with merchandise.  Buckley also paid Defendant HENDERSON per transaction for getting the phones and phones lines established.

10. When Defendants HINES, DAVIS, and DAVISON entered the retail stores, Buckley provided them with instructions.

11. When Buckley used Sprint's Belleville, Illinois retail store, Buckley directed Defendants HINES, DAVIS, and DAVISON to Defendant HENDERSON.  Buckley communicated through text messaging with Defendant HENDERSON about who was entering the store, what kinds and number of cellular telephones Buckley wanted, and how much Buckley paid Defendant HENDERSON for his assistance. Defendant HENDERSON advised when his manager was away from the store to allow Buckley and Defendants HINES, DAVIS, and DAVISON to work with Defendant HENDERSON without the manger's supervision or knowledge.   Defendant

3

HENDERSON activated the cellular telephones requested by Buckley, knowing the telephones were being purchased in a lease agreement under the names of real individuals whose identities were being used without their permission and as delegates to make the appearance that the cellular telephones were purchased legitimately.  Defendant HENDERSON set up the phones and phone lines in the names of the accounts provided or in the delegates' names, knowing that Buckley and Defendants HINES, DAVIS, and DAVISON intended to break the lease agreement immediately and keep the phones without returning or purchasing them to Sprint.  Defendant HENDERSON did not require Buckley and Defendant HINES, DAVIS, and DAVISON to provide identification, as required by Sprint policy.

12. Upon receiving the cellular telephones, Buckley sold them to other cellular retailers and had Defendant HENDERSON cancel the new accounts almost immediately after telephones were purchased.  Buckley, Defendants HINES, DAVIS, DAVISON, and HENDERSON did not return, purchase, or make any additional payments towards any of the telephones to Sprint, as required by the terms of the lease agreement.

13. Buckley and Defendants HINES, DAVIS, DAVISON, and HENDERSON profited hundreds of dollars from each cellular telephone by entering into a lease agreement lasting approximately one year with Sprint.  By the terms of that agreement, when Buckley and Defendants HINES, DAVIS, and DAVISON activated cellular telephones, they only had to pay activation fees and taxes, and Sprint did not charge them anything toward the price of the cellular telephone.

14. In furtherance of and as a foreseeable consequence of the conspiracy, Buckley and Defendants HENDERSON, DAVIS, HINES, and DAVISON caused Sprint personnel to send ebills to the persons named on the accounts through electronic email (email) using the internet.

4

Buckley and Defendants HENDERSON and DAVISON also used their mobile cellular telephone to transmit telephone calls to Sprint to set up accounts or to send text messages to one another to communicate about their locations, cellular telephone orders and demands, prices for cellular phones, and willingness to participate in the conspiracy, thereby affecting interstate commerce.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
### Aggravated Identity Theft – 18 U.S.C. § 1028A(a)(1)

1.  On or about January 27, 2018, in St. Clair County, within the Southern District of Illinois, Defendant

### MICHAEL HENDERSON,

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically the name and social security number of R.D., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), namely conspiracy to commit wire fraud charged in Count One, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THREE
### Aggravated Identity Theft – 18 U.S.C. § 1028A(a)(1)

1.  On or about December 15, 2017, in St. Clair County, within the Southern District of Illinois, Defendant

### KYETIA HINES,

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically the name and social security number of V.D., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), namely conspiracy to commit wire fraud charged

5

in Count One, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FOUR
## Aggravated Identity Theft – 18 U.S.C. § 1028A(a)(1)

1. On or about January 27, 2018, in St. Clair County, within the Southern District of Illinois, Defendant

### ANTOINETTE Z. DAVIS,

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically the name and social security number of R.D., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), namely conspiracy to commit wire fraud charged in Count One, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FIVE
## Aggravated Identity Theft – 18 U.S.C. § 1028A(a)(1)

1. On or about July 17, 2017, in St. Clair County, within the Southern District of Illinois, Defendant

### JASMINE DAVISON,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically the name and social security number of K.C., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), namely conspiracy to commit wire fraud charged in Count One, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).



A TRUE BILL

6

MONICA A. STUMP
Assistant United States Attorney

STEVEN D. WEINHOEFT
United States Attorney

Recommended Bond:  Bond/Detention